HARRIS, Judge.
Because of a lack of candor on the part of defense attorney below and a lack of assertiveness on the part of plaintiffs attorney this case has taken on added complexity. The case was originally assigned to Judge Jackson for trial. Early in the proceedings, Judge Jackson entered a partial summary judgment finding “Plaintiff ... slipped and fell on a wet area of the Sharpes Detention Center Day Room ... and such fall was caused in whole or in part by the operational level negligence of the agents/employees of the defendant.”
The case was subsequently reassigned to Judge Jacobus. At pre-trial, although plaintiffs attorney mentioned Judge Jackson’s previous order, the new trial judge could not find a copy of the order in the file. He stated:
There’s no preliminary ruling I can find that says the sheriff was negligent in any way. In other words, what you’ve got is a denial of the motion for the summary judgment. That just means there’s fact issues. So the issue in count one is the negligence, proximate causation or legal causation, and damages. There’s no determination by the court.
PLAINTIFF’S COUNSEL: That was not by you but by Judge Jackson.
JUDGE: He denied a motion for summary judgment. He didn’t make a finding that the sheriff was negligent. In other words, he didn’t grant a summary judgment on your behalf. These are fact issues. The denial of the summary judgment just means there’s material fact issues. PLAINTIFF’S COUNSEL: It doesn’t matter.
JUDGE: I just wanted to make that clear. PLAINTIFF’S COUNSEL: Okay, that’s fine.
The issue was sent to the jury, which answered “no” to the question, “Was there negligence on the part of [defendant] which was the legal cause of damages to [plaintiff]?” Plaintiff now appeals, first claiming the judge erred by disregarding Judge Jackson’s partial summary judgment. Plaintiffs counsel’s justification for seemingly agreeing with the judge below that a summary judgment had not been entered in her favor was (1) it was her first jury trial and (2) she did not want to fight with the judge on the opening day of trial. Neither seems sufficient to justify her obligation to correct an obvious oversight on the part of the second judge. Counsel should have shown the judge a copy of the order from her file or requested the opportunity to examine the court file to search for the order. Her response that the issue was unimportant borders on invited error. Counsel’s further statement that part of her reason for not pursuing the issue was because she believed that “it was really no big deal because the negligence was so obvious” smacks of waiver.
On the other hand, defense counsel was aware of the entry of the previous order and sat silent. Her explanation for doing so is not convincing. She, too, owed an obligation to the trial judge to point out his obvious oversight.
*999 In any event, we agree that the judge made the proper decision in denying the judgment notwithstanding verdict based on the judge’s interpretation of Judge Jackson’s order. Judge Jackson’s order determined negligence and found that the negligence was operational. The order also found that such negligence was at least a part of the reason the plaintiff fell. But the order did not purport to find that the fall was the proximate cause of the plaintiffs claimed injuries. The evidence supported a finding that the plaintiff had been injured in a previous ear accident and that he was an avid weight lifter in jail. The jury could well have found that his injuries resulted from the ear accident and were exacerbated, not by the fall, but by his lifting of excessive weights. This would be entirely consistent with Judge Jackson’s order.
Trial judges who take over cases in midstream, particularly files containing many entries over an extended period, may well overlook a particular order of a predecessor judge. Both counsel have an obligation not only to their clients but to the cause of justice to point out to a judge that he is simply wrong. If they fail to do so, they may well have to suffer the consequences.
Appellant also urges that the trial court erred in treating this case as a standard slip and fall case instead of considering it as a “sanitary nuisance” and imposing a higher standard of duty on defendant. We agree with the trial judge that the failure to properly repair the roof which occasionally permitted rain water to accumulate on the floor, while negligent, is not the kind of problem the legislature was addressing in chapter 386, Florida Statutes. Even if we accepted this argument that defendant’s negligence should be considered as a sanitary nuisance the proximate cause problem would remain. Other issues based on the applicability of Chapter 386 are also rejected.
AFFIRMED.
GRIFFIN, C.J., and W. SHARP, J., concur.